```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

SHIELD OUR CONSTITUTIONAL      :
RIGHTS AND JUSTICE, et al.
                               :

   v.                          :    Civil Action No. DKC 10-0089

                               :

PHILIP E. CULPEPPER
                               :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Plaintiffs' motion for recusal and/or disqualification. (Paper 2). The court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiffs' motion will be denied.

**I.   Background**

This action arises from Plaintiff Qihui Huang's purchase of a residential property from homebuilder Centex Homes. Plaintiffs in this action are Ms. Huang, the home purchaser, Shield our Constitutional Rights, a non-profit organization that "help[s] and support[s] victims of unlawful actions." (Paper 1 ¶¶ 6-7). Defendant is an attorney who represented a party in a related case in this court. *See Shield our Constitutional Rights et al. v. Wilcher*, No. 8:09-CV-00151-DKC, 2009 WL 3517559 (D.Md. Oct. 26, 2009). On January 13, 2010, Plaintiffs filed a

complaint against Defendant (Paper 1) and a motion for the undersigned to recuse herself from this case (Paper 2).

**II.   Motion to Recuse**

   **A.   Standard of Review**

Plaintiffs filed a motion for the court to be recused from this case pursuant to 28 U.S.C. § 455(a) and (b).  Section 455(a) provides that a judge or justice "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."   The critical question presented by this sub-section "'is not whether the judge is impartial in fact.  It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances.'" *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998), *cert. denied*, 526 U.S. 1137 (1999)(quoting *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 41 (4th Cir.  1995); *Aiken County v. BSP Division of Envirotech Corp.*, 866 F.2d 661, 679 (4th Cir. 1989)).  The Fourth Circuit has thus adopted an objective standard which asks whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses "all the facts and circumstances." *Id.*  (citation omitted); *see also Sao Paulo State of the Federative Republic of Brazil v. Am. Tobacco Co., Inc., et al.*, 535 U.S. 229, 232-33 (2002)(*per*

*curiam*)(reaffirming the holding in *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988), that § 455(a) "requires judicial recusal 'if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge' of his interest or bias in the case"). *See also*, *Caperton v. A.T. Massey Coal Co., Inc.*, 129 S.Ct. 2252 (2009).

**B.   Analysis**

At the outset, the court is satisfied that it may decide this motion for recusal.  28 U.S.C. § 144 states in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

"To be considered legally sufficient, [an affidavit] must allege *personal* bias or prejudice caused by an extrajudicial source other than what the judge has learned or experienced from his participation in the case."  *Sine v. Local No. 992 Int'l Brotherhood of Teamsters,* 882 F.2d 913, 914 (4th Cir. 1989)(citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984); *Fitzgerald v. Penthouse International Ltd.*, 691 F.2d 666 (4th

3

Cir. 1982)). "A judge's actions or experience in a case or related cases or attitude derived from his experience on the bench do not constitute a basis to allege personal bias." *Id.* at 915 (citing *Shaw*, 733 F.2d at 308). Here, Plaintiffs have alleged that the court's decisions, in *Wilcher* and in *Shield our Constitutional Rights v. Tippett*, No. 8:09-CV-00152(DKC), 2009 WL 3633344 (D.Md. Oct. 28, 2009), were improperly decided and that the court has not provided "statute, clarification, and explanation" to support its rulings, as requested by Plaintiffs in their motions for reconsideration. Plaintiffs do not allege a bias or prejudice caused by an extrajudicial source that would make their affidavit sufficient under Section 144. Furthermore, Section 144 requires that an affidavit alleging a judge's bias or prejudice "shall be accompanied by a certificate of counsel of record stating that it is made in good faith." Here, Plaintiffs' motion was not accompanied by a certificate of counsel. Because Plaintiffs' motion or affidavit is lacking in sufficiency and is unaccompanied by a certificate, Plaintiffs' motion need not be considered by another judge.

Plaintiffs' motion for recusal fails for the same reasons. "Alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his

4

participation in the case." *Shaw v. Martin*, 733 F.2d at 308. Pursuant to the standard adopted by the Fourth Circuit with respect to § 455(a), the court must assess whether a reasonable observer, cognizant of all relevant information, might reasonably question the court's impartiality in this matter. Plaintiffs have not alleged any bias or prejudice stemming from an extrajudicial source. A reasonable, well-informed observer could not reasonably question the court's impartiality in this matter based on Plaintiffs' allegations.

**III. Conclusion**

For the foregoing reasons, Plaintiffs' motion for recusal/and or disqualification will be denied. A separate Order will follow.

                                               /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge