IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

QIHUI HUANG                           :

    v.                               :     Civil Action No. DKC 10-0089

PHILLIP E. CULPEPPER                  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is a motion for reconsideration filed by *pro se* Plaintiff Qihui Hang (ECF No. 22), a motion for sanctions and attorneys' fees filed by Defendant Phillip E. Culpepper (ECF No. 23), Plaintiff's motion to strike (ECF No. 26), and Plaintiff's motion for sanctions (ECF No. 28). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, each of these motions will be denied.

**I. Background**

The factual background of this case was set forth in a prior memorandum opinion (ECF No. 18) and need not be repeated here in any significant detail. In brief, Plaintiff has filed approximately ten separate law suits in federal and state courts in Maryland related to damage caused to the side yard of her property by construction equipment. One of these cases

proceeded to trial in the Circuit Court for Charles County, Maryland, at the conclusion of which the jury returned a verdict in favor of the defendants. In the instant case, Plaintiff sued the attorney who represented the defendants at that trial, alleging that he conspired to present false testimony and defame her during that proceeding, and that this misconduct was motivated by a discriminatory animus toward her as a foreign-born, Asian-American female.

On January 18, 2011, the court issued a memorandum opinion and order dismissing Plaintiff's complaint for failure to state a claim. (ECF Nos. 18, 19). Plaintiff filed the pending motion for reconsideration on February 11, 2011. (ECF No. 22). On February 27, Defendant filed a motion for sanctions and attorneys' fees. (ECF No. 23). On March 4, Plaintiff moved to strike Defendant's motion (ECF No. 26) and separately filed her own motion for sanctions (ECF No. 28).

**II. Motion for Reconsideration**

As Judge Quarles recently explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, No. WDQ-05-0001, 2010 WL 2609530, at *2 (D.Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed.R.Civ.P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b)

> controls. *See* Fed.R.Civ.P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted). Plaintiff's motion was brought within 28 days of the date the underlying order was issued. Thus, it is properly analyzed under Rule 59(e).[1]

Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, *et al.*, Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995)). Where a party presents newly discovered evidence in support of

---

[1] Defendant argues that Plaintiff had only ten days to file her motion under Rule 59(e), and that her motions should therefore be analyzed under Rule 60(b). (ECF No. 25, at 1). He fails to recognize, however, that Rule 59(e) was amended in December 2009 to extend the time for filing to twenty-eight days.

3

its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (quoting *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996)) (internal marks omitted). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting Wright, *et al.*, *supra*, § 2810.1, at 124).

In support of her motion for reconsideration, Plaintiff has submitted a rambling, forty-seven page memorandum, along with approximately two hundred pages of exhibits, in which she appears to seek to relitigate the merits of the prior motion to dismiss. To the extent that these papers are comprehensible, they do not identify an intervening change in the law, newly developed evidence, or clear error of law or manifest injustice warranting alteration of the prior opinion granting Defendant's motion to dismiss. Contrary to Plaintiff's assertions, the court made its determination that her complaint failed to state a claim by construing the facts in her favor and by testing the legal sufficiency of her claims. Accordingly, Plaintiff's motion for reconsideration will be denied.

**III. Defendant's Motion for Sanctions and Attorneys' Fees**

Defendant has moved for sanctions pursuant to Fed.R.Civ.P. 11, seeking a pre-filing injunction requiring Plaintiff to obtain leave of the court prior to commencing any further action

against Defendant or related parties. (ECF No. 23). By the same motion, he seeks an award of attorneys' fees, as the prevailing party in the litigation, pursuant to 42 U.S.C. §§ 1988(b) and 3613(c)(2).

Rule 11(c)(2) provides the procedure by which a party may seek Rule 11 sanctions:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Defendant has failed to comply with the procedure set forth under Rule 11. Initially, he has not filed his motion "separately from any other motion," as expressly required by Rule 11(c)(2). Rather, he seeks, by the same motion, an award of attorneys' fees as the prevailing party in the litigation. Rule 11 justifies only an award to the prevailing party of attorneys' fees "incurred for the motion." Moreover, Defendant filed his motion for sanctions on February 17, 2011, and the record reflects that he attempted to serve it "on March 4, 2011[,] upon receiving [Plaintiff's] objection that she had not

5

been provided a copy when the Motion was filed." (ECF No. 31). Even if Defendant had served a copy of the motion when it was filed, however, service would not have been in accordance with Rule 11, which provides that the motion may not be filed less than twenty-one days after service has been effected. Fed.R.Civ.P. 11(c)(2).

Defendant served letters on Plaintiff's counsel, on March 29 and April 8, 2010, threatening to file a motion for sanctions if the complaint was not withdrawn. (ECF No. 23, Attach. 1). He served Plaintiff with a similar letter, on May 5, after she elected to proceed *pro se*. (ECF No. 23, Attach. 2). Such informal notice, however, does not satisfy the requirements of the rule. As the United States District Court for the Eastern District of Michigan recently explained:

> [T]he majority of the courts to have addressed the issue agree that nothing less than service of *the Rule 11 motion itself* can satisfy the safe harbor provision. *See, e.g., Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006) ("[N]othing in subsection (c)(1)(A) suggests that a letter addressed to the alleged offending party will suffice to satisfy the safe harbor requirements."); *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) ( "It would therefore wrench both the language and purpose of the [1993] amendment to the Rule to permit an informal warning to substitute for service of a motion."); *Bates v. Colony Park Ass'n*, 393 F.Supp.2d 578, 601 (E.D.Mich. 2005) ("Binding Sixth Circuit precedent-as well as the plain language of Rule 11 itself-demonstrates that the July 22 warning letter

6

> from the CPA's counsel was not an adequate substitute for service of the CPA's actual motion." (citing *Ridder*, 109 F.3d at 296)); *McKenzie v. Berggren*, 212 F.R.D. 512, 514 (E.D.Mich. 2003) (rejecting argument that the "spirit of the safe harbor period" was satisfied because party seeking sanctions sent warning letter threatening sanctions under Rule 11 before filing motion with the court); *Miller v. Credit Collection Servs.*, 200 F.R.D. 379, 381 (S.D.Ohio 2000) ("If the drafters of that Rule had deemed a letter suggesting that sanctions would be sought were sufficient, they could quite easily have used language to convey that intent, instead of that which was chosen."); *Harding Univ. v. Consulting Servs. Group, L.P.*, 48 F.Supp.2d 765, 771 (N.D.Ill. 1999) ("Multiple warnings given to the plaintiff regarding defects in the presented claim are not [Rule 11] motions [for purposes of the safe harbor provision]."); *but see Nisenbaum v. Milwaukee County*, 333 F.3d 804, 808 (7th Cir. 2003) (holding that service of a letter, rather than a copy of the actual motion, can constitute substantial compliance with safe harbor provision); *Barker v. Bank One, Lexington, N.A.*, No. 97-57877; 1998 WL 466437, *2 (6th Cir. July 30, 1998) (unpublished decision) (holding that purpose of the safe harbor provision was satisfied by warning letters). The Court finds these decisions persuasive.

*Tillman v. Apostolopoulos*, No. 10-cv-12253, 2010 WL 5088763, at *2 (E.D. Mich. Dec. 8, 2010) (emphasis in original). Accordingly, Defendant's motion for sanctions will be denied.

Defendant's motion for attorneys' fees will also be denied. Pursuant to Local Rule 109.2.a, "any motion requesting the award of attorneys' fees must be filed within fourteen (14) days of the entry of judgment." Here, judgment was entered on January

7

28, 2011, but Defendant did not move for an award of attorneys' fees until February 17, 2011, nearly three weeks later. Moreover, Defendant was required to file, within thirty-five days of the date he filed his motion for attorneys' fees, a supporting memorandum in accordance with Local Rule 109.2.b. Over thirty-five days have elapsed since Defendant filed his motion and no such memorandum has been filed. Thus, Defendant may not recover attorneys' fees in this case.[2]

**IV. Plaintiff's Motion for Sanctions**

Plaintiff alleges that Defendant's motion for sanctions was unjustified and asks the court to impose monetary sanctions pursuant to Local Rule 105.8.a. (ECF No. 28). Because Plaintiff has also failed to follow the prescribed procedure under Rule 11, her motion for sanctions will be denied.

Nevertheless, it bears mention that Defendant's motion was far from unjustified. In addition to the numerous complaints Plaintiff has filed in state court and with the Maryland Attorney Grievance Commission, she has now commenced four separate actions in this court related to the damage caused to

---

[2] Because Defendant's motion for sanctions and attorneys' fees will be denied, Plaintiff's motion to strike this document (ECF No. 26) will be denied as moot.

her lawn.[3] On each occasion, the court has dismissed her complaint for failure to state a claim and, after the denial of a motion for reconsideration, Plaintiff has appealed to the Fourth Circuit, which has affirmed by *per curiam* opinion "for the reasons stated by the district court." *Qihui Huang v. Hicks*, No. 10-1521, 2011 WL 971059 (4th Cir. Mar. 21, 2011); *see also Qihui Huang v. Tippett*, No. 10-1520, 2011 WL 970962 (4th Cir. Mar. 21, 2011); *Qihui Huang v. Wilcher*, No. 10-1519, 2011 WL 971595 (4th Cir. Mar. 21, 2011). In the three prior suits, Plaintiff's complaint at least named individuals whom she alleged were directly responsible in some way for the underlying damages. The instant suit, however, is more attenuated, as it names the attorney who represented those defendants at trial in state circuit court.

Plaintiff is forewarned that, should she persist in this pattern, the court will consider imposing a pre-filing injunction, *i.e.*, requiring her to obtain leave prior to filing any future law suit in this court, as it is authorized to do under the All Writs Act, 28 U.S.C. § 1651(a). *See Cromer v. Kraft Foods North Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). While the court would be hesitant to resort to such a measure, particularly in the case of a *pro se* litigant, it will not

---

[3] Notably, the construction company that caused the damage attempted to repair it, but Plaintiff refused to grant it access to her property.

9

continue to tolerate Plaintiff's demonstrated practice of prosecuting frivolous complaints.

**V. Conclusion**

For the foregoing reasons, Plaintiff's motions to reconsider, to strike, and for sanctions will be denied, as will Defendant's motion for sanction and attorneys' fees. A separate order will follow.

```
_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
```